IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

      Plaintiff,

vs.                                                                                          No. CR 07-697 MCA

**ALFRED R. TAFOYA**,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte* following motions hearings held on January 8, 2008, and January 24, 2008. Being fully advised in the premises and for the reasons set forth below, the Court finds that there is good cause to reconvene the motions hearing in advance of trial for the purpose of conducting voir dire of some of the parties' witnesses outside the jury's presence.

At the hearing on January 8, 2008, counsel for the Government represented that neither he nor the relevant state authorities have entered into any agreements with the Government's witnesses to secure their testimony at trial in this case. Until notified by means of public records tendered by defense counsel at the hearing, the Government's counsel also was unaware that certain charges against two of its witnesses were dismissed by state authorities in September 2007. The records concerning these dismissals appeared to be inconsistent with statements contained in the letter from the Thirteenth Judicial District Attorney's office tendered by the Government's counsel at the January 8th hearing.

Accordingly, the Court requested additional information from the Government, and the Government's counsel responded by providing materials which now indicate that the state charges against the two government witnesses in question were dismissed without prejudice because of the fugitive status of those witnesses.

The evidence tendered in conjunction with the suppression motions previously filed in this case further indicates that, apart from being fugitives or having state charges pending against them with respect to other matters not connected to this case, it is possible that counsel may wish to elicit testimony from several of the Government's witnesses which may be self-incriminating with respect to the events of January 14 and 15, 2007. [Ex. 1 to Doc. 25-2.] If called to testify at trial, defense counsel may have a right to cross-examine such witnesses about these potentially incriminating acts for impeachment purposes. Similarly, the Government may wish to cross-examine two of the defense witnesses about potentially incriminating matters. Both counsel for the Government and defense counsel acknowledged these concerns, as far as they implicate the Fifth Amendment privilege, at the motions hearing on January 24, 2008.

Courts have held that "neither the prosecution nor the defense may call a witness knowing that the witness will assert his Fifth Amendment privilege against self-incrimination. Furthermore, an attorney, as an officer of the court, must disclose that which he is required by law to reveal." United States v. Crawford, 707 F.2d 447, 449 (10th Cir. 1983); see ABA Standards for Criminal Justice Prosecution and Defense Function §§ 3-5.7(c) (prosecutor), 4-7.6 (defense counsel) (3d ed. 1993). While a prosecutor also may have

a professional duty to advise a witness concerning the potential for self-incrimination when interviewing that witness in preparation for trial, see United States v. Pinto, 850 F.2d 927, 934 (2d Cir. 1988), "the better practice requires that the prosecutor so inform the court, thus allowing for a *voir dire* to be conducted outside the presence of the jury to determine 'reliably that the witness will claim the privilege and the extent and validity of the claim.'" United States v. Victor, 973 F.2d 975, 979 (1st Cir. 1992) (quoting United States v. Johnson, 488 F.2d 1206, 1211 (1st Cir. 1973)).  During such *voir dire*, the Court may inquire of the witness whether he or she understands his or her constitutional right against self-incrimination and provide him or her with the opportunity to confer with his or her own counsel before deciding whether to exercise that right.  See, e.g., United States v. Serrano, 406 F.3d 1208, 1213-14 (10th Cir. 2005).

This approach serves two important purposes.  First, it allows counsel for the parties to avoid the prospect that their own efforts to advise a witness of his or her privilege against self-incrimination might be construed as a threat or an attempt to silence the witness through intimidation.  See id. at 1215-16 (explaining how a witness' decision not to testify was "insulated from such governmental pressures by the independent and neutral advice of counsel" that the Court appointed for that witness during *voir dire*).  Second, this approach avoids unfair surprise during the trial, where the unanticipated "refusal of a witness to answer a specific question, particularly in the context of cross-examination, could lead a jury to draw impermissible inferences from which neither side has a right to benefit."  Victor, 973 F.2d at 979.

While ordinarily such voir dire may be conducted outside the jury's presence during the course of the trial itself, Fed. R. Evid. 104(c) provides that when the interests of justice so require the Court may instead conduct a separate hearing before trial to address preliminary matters concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence. In this case, it is not prudent to wait until the midst of the trial to perform this important task. The outcome of some of the pending motions may depend on which of the government witnesses in question will be available to testify at trial about certain matters (such as the incident occurring on January 15, 2007), and thus far the Government has not made a specific proffer on what the witnesses' anticipated trial testimony is going to be. When combined with the complexity of the motions to which their potential testimony pertains, the sheer number of witnesses who may require voir dire in this case also would likely cause lengthy delays in presenting evidence to the jury during the trial. Such delays would encompass not only the time needed to conduct the *voir dire* itself, but also the time needed to give the witnesses a fair opportunity to confer with their own counsel before making a decision on whether to assert a Fifth Amendment privilege. It is this Court's practice not to require jurors to sit and wait in the jury room for lengthy periods while the Court and counsel take up such matters outside their presence, especially where it is feasible to resolve such issues before trial.

For these reasons, the Court will reconvene the motions hearing in advance of trial for the purpose of conducting voir dire of some of the parties' prospective witnesses outside the jury's presence. At such hearings, counsel should be prepared to identify which of the

prospective witnesses listed below they plan to call at trial and produce the witnesses so identified for voir dire (along with the witness' attorney if counsel is aware that the witness has independently retained one for this purpose).

With respect to each witness so identified, counsel also should be prepared to make a proffer regarding the areas or topics they seek to cover on direct examination or on cross examination so that the Court can make an informed ruling about whether such questioning might provide grounds for a valid assertion of the Fifth Amendment privilege. For those witnesses produced at the hearing who have not yet independently retained their own attorney for the purpose of obtaining advice about whether to assert such a privilege, the Court will determine at the hearing whether it is necessary to appoint one for them.

The Court also recognizes that the Defendant is not required to present any witnesses or evidence at trial, and that the scope of the witnesses' voir dire must be limited not only to protect the witnesses' right to assert a Fifth Amendment privilege, but also to prevent that voir dire from becoming a pretext for unwarranted discovery or compelled testimonial disclosures from the Defendant. For these reasons, the representations or proffers that counsel make with respect to identifying their witnesses or their areas of questioning before trial in order to comply with this *Memorandum Opinion and Order* will not be admissible against their respective clients at trial. And in no event will the Defendant himself be required to disclose before trial whether he intends to testify or what his anticipated trial testimony is going to be. See generally 4 Wayne R. LaFave *et al.*, Criminal Procedure §

20.4(b), at 890-98 (2d ed. 1999) (discussing methods of handling pretrial discovery and case-management issues without compelling testimonial disclosures from a defendant).

**IT IS THEREFORE ORDERED** that before the date of the next scheduled hearing in this matter, counsel for each party shall identify and disclose to one another which of the following prospective witnesses (as noted in the parties' respective witness lists) they intend to call at trial:   Darlene Eller, Dayna Curliss,  Danielle R. Mirabal (a/k/a Danielle Lopez), Colt Otero, Dalton Kitrick, Cassandra Valencia, Susan Lopez, Robert Walker, Ray Pinion, Sean Lewis, and Eva Tafoya.

**IT IS FURTHER ORDERED** that for each witness so identified, counsel for the party that is calling the witness shall produce that witness for voir dire by the Court according to the schedule listed below (along with the witness' attorney if counsel is aware that the witness has independently retained one for this purpose).  For those witnesses produced on the scheduled hearing date who have not yet independently retained their own attorney for the purpose of obtaining advice about whether to assert a Fifth Amendment privilege, the Court will determine at the hearing whether it is necessary to appoint one for them.

**IT IS FURTHER ORDERED** that this matter is set for a MOTIONS HEARING on February 4, 2008, at  9:00 a.m., at the United States Courthouse, 333 Lomas Boulevard, NW, *Chama* Courtroom, Fourth Floor, Albuquerque, New Mexico.  To the extent that counsel intends to call them as trial witnesses, counsel is responsible for producing the following prospective witnesses at the hearing on February 4, 2008:  Darlene Eller, Dayna Curliss,

Danielle R. Mirabal (a/k/a Danielle Lopez), Colt Otero, Dalton Kitrick, and Cassandra Valencia.

**IT IS FURTHER ORDERED** that this matter is set for a continuation of the MOTIONS HEARING on February 5, 2008, at 9:00 a.m., at the United States Courthouse, 333 Lomas Boulevard, NW, *Chama* Courtroom, Fourth Floor, Albuquerque, New Mexico. To the extent that counsel intends to call them as trial witnesses, counsel is responsible for producing the following prospective witnesses at the hearing on February 5, 2008: Susan Lopez, Robert Walker, Ray Pinion, Sean Lewis, and Eva Tafoya.

**IT IS FURTHER ORDERED** that for each witness identified and produced at the above-scheduled hearings, counsel for each party shall be prepared to make a proffer at the hearing with regard to the areas or topics they seek to cover on direct examination or on cross examination of that witness at trial so that the Court can make an informed ruling about whether such questioning might provide grounds for a valid assertion of the Fifth Amendment privilege. Such proffers and representations of counsel shall not be admissible against their clients at trial.

**SO ORDERED** in Albuquerque, New Mexico, this 25th day of January, 2008.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**