IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                            No. CR 07-697 MCA

ALFRED R. TAFOYA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendant's Motion to Dismiss for Vindictive Prosecution* [Doc. 62] filed on December 9, 2007.  The Court held  hearings on the above motion on January 8, 2008, and January 24, 2008.  Having reviewed the parties' submissions, the relevant law, the arguments and proffers presented at the hearing, and being otherwise fully advised in the premises, the Court denies Defendant's motion to dismiss in part as it pertains to Count 1 of the *Superseding Indictment* [Doc. 54] for the reasons set forth below.  The Court defers ruling on Defendant's motion to dismiss as it pertains to Count 2.

## I.    BACKGROUND

On April 10, 2007, Defendant Alfred R. Tafoya was indicted on a single count of being a felon in possession of a firearm on or about January 14, 2007.  On or about June 12, 2007, Defendant filed a series of motions to suppress evidence and to obtain discovery. [Doc. 13, 14, 15, 16, 17.]   The Court held a hearing on those motions on August 20, 2007 [Doc. 36], and issued a *Memorandum Opinion and Order* [Doc. 43] on October 18, 2007.

As a result of that ruling, the Government is precluded from introducing at trial the content of Defendant's communications with Detectives Donges and St. Onge of the Valencia County Sheriff's Department.  In a subsequent ruling, the Court granted the parties leave to take the deposition of a defense witness (Jarred Lewis), who was scheduled to leave the country on active military duty at the end of November 2007.  [Doc. 46, 48].

On December 5, 2007, the Government obtained a *Superseding Indictment* [Doc. 54] adding a charge of being a felon in possession of body armor on or about February 13th, 2007.  Defendant responded to the *Superseding Indictment* by, among other things, filing a *Motion for Severance of Counts* [Doc. 55], which the Court granted in an *Order* [Doc. 90] filed on January 2, 2008.  As a result, the Court is scheduled to conduct a trial on the firearm charge (Count 1) commencing on February 19, 2008, and the trial on the body-armor charge (Count 2) is to occur separately at a later date.

Also in response to the *Superseding Indictment* [Doc. 54], Defendant filed a *Motion to Dismiss for Vindictive Prosecution* [Doc. 62].  The Court initially construed this motion as being directed at the body-armor charge in Count 2 of the *Superseding Indictment*, which would not require a ruling until a separate trial on that count was scheduled.  Noting that Count 1 of the *Superseding Indictment* [Doc. 54] also was expanded to cover the events of January 15, 2007, Defendant's counsel has since clarified that Defendant's motion to dismiss is directed at Count 1 as well.  Thus, pursuant to Fed. R. Crim. P. 12(d), this motion requires a ruling with respect to Count 1 before the currently scheduled trial date of February 19, 2008.

The firearm charge alleged in Count 1 of the *Superseding Indictment* arises from an altercation at 17 Fermin Chavez Road in Valencia County, New Mexico, on the night of January 14, 2007, when Defendant allegedly fired a shotgun.  That shotgun allegedly was recovered by government agents executing a search warrant at a residence shared by Defendant and his family on February 13, 2007.  Both the January 14th altercation and the February 13th search warrant are described in more detail in the factual findings contained in the Court's *Memorandum Opinion and Order* [Doc. 43] addressing Defendant's motions to suppress and discovery motions.

## II.   <u>ANALYSIS</u>

Defendant contends that the charges in the *Superseding Indictment* must be dismissed in their entirety because the prosecution engaged in vindictive prosecution.  Because the Court has previously severed the trial of Count 1 from the trial of Count 2, and a trial date on Count 2 has yet to be scheduled, the Court will confine its analysis at this time to whether Count 1 of the *Superseding Indictment* must be dismissed as a product of vindictive prosecution.

The prosecution of a criminal charge is "vindictive" when its objective is to penalize a person for exercising a statutory or constitutional right.  See <u>United States v. Goodwin</u>, 457 U.S. 368, 372 (1982).  In this case, Defendant exercised his constitutional or statutory rights on or about June 12, 2007, when he successfully moved for the suppression of certain statements he made in the presence of deputies from the Valencia County Sheriff's Department, and when he successfully moved for discovery of potentially exculpatory

impeachment material regarding the Government's witnesses.  [Doc. 14, 15, 16.]  After the Court ruled in Defendant's favor on these motions on October 18, 2007 [Doc. 43], the prosecution obtained a *Superseding Indictment* dated December 5, 2007, which expanded the scope of the charges in Count 1 to include January 15, 2007, and added an entirely new charge in Count 2.  [Doc. 53.]

Defendant contends that the objective behind the expanded charges in the *Superseding Indictment* is to punish him for successfully invoking his rights by means of the motions identified above, and for exercising his right to go to trial in lieu of accepting a plea agreement.  Our Supreme Court has recognized a narrow range of cases in which an improper vindictive motive must be presumed from the fact that "action detrimental to the defendant has been taken after the exercise of a legal right."  Id. at 373.  This presumption does not apply in most cases where the detrimental action occurs before trial and the legal rights at issue involve the rejection of a plea offer or the invocation of procedures to suppress evidence or obtain discovery.  See id. at 381-82; 4 Wayne R. LaFave *et al.*, Criminal Procedure § 13.7(c), at 264-65 n.43 (3d ed. 2007) (collecting cases).  But the Tenth Circuit has recognized that even in a pretrial setting, there may be special circumstances which give rise to a reasonable likelihood of vindictiveness.  See United States v. Doran, 882 F.2d 1511, 1520-21 (10th Cir. 1989) (citing United States v. Meyer, 810 F.2d 1242, 1245-46 (D.C. Cir. 1987).  The absence of a presumption of vindictiveness also "do[es] not foreclose the possibility that a defendant in an appropriate case might prove objectively that the

prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do." Goodwin, 457 U.S. at 384.

For these reasons, the Court must examine the totality of the circumstances in each case, rather than relying on *per se* rules that are triggered solely by the timing of the prosecution or the nature of the right asserted. See United States v. Raymer, 941 F.2d 1031, 1040 (10th Cir. 1991). In order to prevail on a motion to dismiss for vindictive prosecution, a defendant must first make a threshold showing of either actual vindictiveness or the type of special circumstances that would give rise to a realistic likelihood of vindictiveness. See United States v. Lampley, 127 F.3d 1231, 1245 (10th Cir. 1997). If the defendant makes a successful showing and thereby invokes a presumption of vindictiveness, the burden shift to the Government to rebut that presumption "with legitimate, articulable, objective reasons." Raymer, 941 F.2d at 1040.

With respect to the charge in Count 1 of the *Superseding Indictment*, I conclude that Defendant has failed to make a threshold showing of either actual vindictiveness or special circumstances that would give rise to a realistic likelihood of vindictiveness. It is not reasonable to infer a vindictive motive behind this count because it does not vary significantly from the charge in the original *Indictment* which predates Defendant's invocation of his constitutional or statutory rights. With respect to Count 1, the only difference between the two indictments is that the *Superseding Indictment* expands the time frame of the alleged offense to cover January 15, 2007, as well as January 14, 2007. This difference is not significant, however, because both indictments contain the "on or about"

language from which the jury could have convicted on the original charge even if the alleged crime was committed during the early morning hours of January 15, 2007, rather than the evening of January 14, 2007.  <u>See</u> Tenth Circuit Criminal Pattern Jury Instruction No. 1.18 (2005) (defining "on or about").

What is new about the events following from the *Superseding Indictment* on Count 1 is that the Government apparently has obtained a statement from a witness who claims to have seen Defendant in possession of the shotgun when Defendant and others went back to the 17 Fermin Chavez Road address in the early morning hours of January 15, 2007.  It remains to be seen whether that witness' testimony will be admitted at trial, and the Defendant cites no authority for granting a motion to dismiss in this context based solely on the prosecutor's motives for seeking to introduce a particular line of testimony at trial.  If such testimony is improper, the remedy is to exclude it from trial rather than to dismiss the count of the *Superseding Indictment* to which it pertains.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, the Court concludes that Defendant's motion to dismiss must be denied in part as it pertains to Count 1 of the *Superseding Indictment*.   The Court defers ruling on Defendant's motion to dismiss as it pertains to Count 2 of the *Superseding Indictment*, as the trial on that count is not yet scheduled, and the Court has not yet had the benefit of legal argument and proffers from the parties as to any evidence that may bear on Count 2.

**IT IS THEREFORE ORDERED** *Defendant's Motion to Dismiss for Vindictive Prosecution* [Doc. 62] is **DENIED IN PART** as to Count 1 of the *Superseding Indictment*.

**SO ORDERED** in Albuquerque, New Mexico, this 7th day of February, 2008.

**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**