IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

      Plaintiff,

vs.                                                                                                               No. CR 07-697 MCA

**ALFRED R. TAFOYA**,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Alfred R. Tafoya's *Motion to Dismiss Indictment Without Prejudice on the Basis that the Current United States Attorney has Be[e]n Unconstitutionally Appointed* [Doc. 121] filed on February 7, 2008. The Court ordered expedited briefing on this motion in light of the pending trial date of February 19, 2008. [Doc. 123.] Having reviewed the parties' submissions, the relevant law, and being otherwise fully advised in the premises, the Court finds that Defendant's motion is untimely under Fed. R. Crim. P. 12(e), and even if timely filed, does not provide grounds for dismissing the *Superseding Indictment* [Doc. 54] for the reasons set forth below. Therefore, the motion is denied.

The history of this case is recited in the Court's prior rulings. [Doc. 43, 90, 106, 119, 120, 124.] The *Superseding Indictment* [Doc. 53] was filed on December 5, 2007, and all pretrial motions pertaining to Count 1 of the *Superseding Indictment* were filed and briefed

as of January 7, 2008, except for the pending *Motion to Dismiss Indictment Without Prejudice* [Doc. 121] filed one month later on February 7, 2008.

The *Order Continuing Trial Setting* [Doc. 48] filed on October 30, 2007, set a deadline for pretrial motions of November 30, 2007. The subsequent *Order Continuing Trial Setting* [Doc. 91] filed on January 2, 2008, set an additional deadline of January 28, 2008, for motions in limine. Three days before the latter deadline expired, an *Administrative Order* was filed in Misc. No. 08-14 appointing Gregory J. Fouratt as the United States Attorney for the District of New Mexico pursuant to 28 U.S.C. § 546(d).

At the Call of the Calendar on February 7, 2008, Defendant's counsel first alerted the Court that she intended to file a motion to dismiss the *Superseding Indictment* in this case on the grounds that the *Administrative Order* appointing Mr. Fouratt to the position of United States Attorney is unconstitutional under the Appointments Clause, U.S. Const. art. II, § 2, cl. 2, and the doctrine of separation of powers underlying the first three articles of the United States Constitution. Defendant filed a written motion to that effect later in the day on February 7, 2008, and pursuant to the Court's order, the Government filed an expedited response at 12:00 noon on February 13, 2008.

I first address the timing of Defendant's motion. Pursuant to Fed. R. Crim. P. 12(b)(3), a motion alleging a defect in the indictment or information generally must be made before trial. The Court may set a deadline for such pretrial motions under Fed. R. Crim. P. 12(c), and a "party waives any Rule 12(b)(3) defense, objection, or request not raised by the

deadline the court sets under Rule 12(c) or by any extension the court provides." Fed. R. Crim. P. 12(e).

In this case, the Court finds that the Defendant's *Motion to Dismiss Indictment Without Prejudice* [Doc. 121] is not timely under Fed. R. Crim. P. 12(e). See United States v. Suescun, 237 F.3d 1284, 1286-87 (11th Cir. 2001). I further find that because the *Administrative Order* appointing Mr. Fouratt as the United States Attorney was filed three days before the latest motions deadline of January 28, 2008, Defendant has not shown good cause for extending the motions deadline or granting relief from the waiver under Fed. R. Crim. P. 12(e). Accordingly, Defendant's motion is denied as untimely.

In the alternative, I also conclude that Defendant has not demonstrated grounds for mounting a facial challenge to the constitutionality of the Court's statutory appointment power under 28 U.S.C. § 546(d). In this context, a "facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exist under which the Act would be valid." United States v. Salerno, 481 U.S. 739, 745 (1987). The mere possibility that a court's exercise of the appointment power under 28 U.S.C. § 546(d) might operate in violation of the Constitution or to the detriment of a criminal defendant "under some conceivable set of circumstances" is insufficient to render the statute wholly invalid. Id. It is not this Court's role to answer hypothetical questions about the statute's constitutionality or to consider every conceivable situation which might possibly arise in its application. See Sabri v. United States, 541 U.S. 600, 608-09 (2004) (citing United States v. Raines, 362 U.S. 17, 21 (1960)).

Defendant's motion fares no better as an "as applied" challenge to the statute's constitutionality. Mr. Fouratt was not acting as the United States Attorney at the time the *Superseding Indictment* was filed in this case, nor did he sign that document or file any motions in this case while acting in his former capacity as an Assistant United States Attorney.

Under these circumstances, questions about the constitutionality of the appointment of a United States Attorney "would not affect the validity of indictments . . . as indictments need only be signed by 'an attorney for the government.'" United States v. Gantt, 194 F.3d 987, 998 (9th Cir. 1999) (quoting Fed. R. Crim. P. 7(c)(1)). An "attorney for the government" includes "an authorized assistant" of a United States Attorney or "any other attorney authorized by law to conduct proceedings under these rules as a prosecutor." Fed. R. Civ. P. 1(b)(1)(B). Indeed, the Gantt opinion addressed the merits of the defendant's constitutional claims in that case only because the appeal required a certification by "the United States Attorney" under 18 U.S.C. § 3731. No such certification is required for the Assistant United States Attorneys to be "authorized" to bring an indictment or try this case within the meaning of Fed. R. Crim. P. 1(b)(1)(B). Rather, the Assistant United States Attorneys prosecuting this case "are themselves representatives of the government. Because they are appointed directly by the Attorney General, their ability to act does not hinge on the authority of the local United States Attorney, but derives from the Attorney General's plenary power over litigation to which the United States is a party." United States v. Hilario, 218 F.3d 19, 22 (1st Cir. 2000) (citations omitted).

It follows that the appointment of a United States Attorney for the District of New Mexico under 28 U.SC. § 546(d) has no bearing on the relief that Defendant seeks in this case, and there is no need for the Court to address the merits of Defendant's constitutional claims under the circumstances presented here.  See United States v. Kouri-Perez, 47 F. Supp. 2d 164, 166 (D. Puerto Rico 1999).  Determining whether the statute or *Administrative Order* at issue in this case is unconstitutional would not serve to redress Defendant's alleged injuries, because such a ruling would not require the dismissal of the *Superseding Indictment*, nor would it preclude the duly appointed Assistant United States Attorneys from taking the case to trial.  See Suescun, 237 F.3d at 1287-88; United States v. Ruiz-Rijo, 87 F. Supp. 2d 69, 71 (D.P.R. 2000), aff'd sub nom. United States v. Valdez-Santana, 279 F.3d 143, 147 (1st Cir. 2002); United States v. Baker, 504 F. Supp. 2d 402, 418-19 (E.D. Ark. 2007).

**IT IS THEREFORE ORDERED** that Defendant's's *Motion to Dismiss Indictment Without Prejudice on the Basis that the Current United States Attorney has Be[e]n Unconstitutionally Appointed* [Doc. 121] is **DENIED**.

**SO ORDERED** in Albuquerque, New Mexico, this 15th day of February, 2008.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**